UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| VERONICA SAENZ, | § | Case No. 22-20164 |
| | § | (Chapter 13) |
| Debtor. | § | JUDGE MARVIN ISGUR |

**APPLICATION TO EMPLOY NORRED LAW, PLLC
AS SPECIAL LITIGATION COUNSEL PURSUANT TO 11 U.S.C. § 328(a)**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**To the Honorable Marvin Isgur, United States Bankruptcy Judge:**

Veronica Saenz, (the "Movant") files this Application to Employ Norred Law, PLLC (the "Firm") as special litigation counsel pursuant to 11 U.S.C. § 328(a).

**Application to Employ**

1. The Movant desires to employ the Firm on an hourly fee basis to represent the Movant in analyzing and pursuing potential claims against ARCPE I, LLC related to a foreclosure that took place on June 7, 2022.

2. The employment of the Firm is required at this time to pursue the estate's claims. An hourly fee agreement was negotiated and a prepetition retainer deposit in the amount of $5,000 was obtained on July 8, 2022.

3. The Firm maintains offices at 515 E. Border Street, Arlington, Texas 76010. The Firm's main telephone number is (817) 704-3984. The Firm's fax number is (817) 524-6686.

4. The Movant has selected the Firm because its members have extensive experience in matters relating to bankruptcy and foreclosure litigation. The Movant believes that the Firm can provide the estate with the required legal expertise to allow the Movant to handle this litigation effectively and prudently.

5. Clayton L. Everett of the Firm will be designated as attorney-in-charge and will be responsible for the representation of the Movant by the Firm as set forth in this Application.

6. Clayton L. Everett is admitted to practice before all courts in United States District Courts of Texas. Mr. Everett has significant experience in handling litigation matters of this type. The Movant has selected Mr. Everett because of his prior experience and specialization in bankruptcy litigation.

7. The Firm will render professional services including, but not limited to:

- assisting the Movant in analyzing/prosecuting/etc. claims owned by the estate against third parties;

- preparing and filing such pleadings as are necessary to pursue the estate's claims against third parties;

- conducting appropriate examinations of witnesses, claimants and other parties in interest in connection with such litigation;

- representing the Movant in any adversary proceedings and other proceedings before the Court and in any other judicial or administrative proceeding in which the claims described herein may be affected;

- collecting any judgment that may be entered in the contemplated litigation;

- handling any appeals that may result from the contemplated litigation; and

- performing any other legal services that may be appropriate in connection with the prosecution of the litigation described above;

**Statement Regarding Connections to the Case**

8. The Firm has not previously represented the Movant prior to this bankruptcy case. Except as set forth above and in the attached affidavit, the Firm has no other connection with the Debtor, its creditors, any other parties in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee and are "disinterested persons" within the definition of Section 101(14) of the Bankruptcy Code on the matters for which it is to be engaged as special counsel. *See* Attached Affidavit.

**Compensation**

9. The Movant has negotiated an hourly fee arrangement with the Movant. Under the proposed agreement, the Firm is holding $5,000 in its trust account and will receive hourly compensation of $350 per hour. In addition, if an adversary proceeding is filed, then Movant will provide an additional $200 per month until the conclusion of the litigation and all earn fees are paid. A copy of the proposed agreement is attached as **Exhibit 1**.

10. In reaching his decision, the Movant has evaluated the estate's available resources, the complexity of the litigation, the anticipated costs and the associated risks of the litigation. Under the circumstances, the Movant believes that the terms of the proposed agreement are both reasonable and prudent. The estate incurs no additional administrative expense without a direct corresponding benefit.

11. The Firm has received $5,000 funds from the Debtor.

12. In the attached affidavit, the Firm has identified the amount and source of compensation to be paid to the Firm for services rendered in connection with its representation of the Movant in this case.

Accordingly, the Movant requests that the Court approve the retention of the Firm as special litigation counsel under 11 U.S.C. § 328(a) as set forth above and for such other relief as is just.

Dated: July 15, 2022

Respectfully submitted,

By: *Veronica S*
Veronica Saenz
525 Poenisch Dr.
Corpus Christi, TX 78412
Debtor & Movant

**NORRED LAW, PLLC**

By: *Clayton Everett*
Clayton L. Everett
State Bar No. 24065212
515 E. Border Street
Arlington, TX 76010
(817) 704-3984
(817) 524-6686 (fax)
clayton@norredlaw.com

**Proposed Special Litigation Counsel**

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to Bankr. R. 2014, this instrument was served by United States first class mail, with proper postage affixed, addressed to the parties set forth on the Service List Below on this 15 day of July, 2022.

| | | |
|---|---|---|
| ARCPE 1, LLC<br>Attn: John Olsen<br>1900 Sunset Harbour Dr 2nd Floor<br>Miami Beach, FL 33139 | Dominque Lane<br>525 Poenisch Dr<br>Corpus Christi, TX 78412 | VANCE & HUFFMAN LLC<br>55 MONETTE PKWY STE 100<br>SMITHFIELD, VA 23430 |
| CREDIT MANAGEMENT LP<br>6080 TENNYSON PKWY STE 1<br>PLANO, TX 75024 | LVNV FUNDING LLC<br>PO BOX 1269<br>GREENVILLE, SC 29602 | WSTSHMRK<br>801 S ABE<br>SAN ANGELO, TX 76903 |
| FIG LOANS TEXAS LLC<br>335 MADISON AVE FLOOR 16<br>NEW YORK, NY 10016 | NATIONAL CREDIT ADJUST<br>327 W 4TH AVE<br>HUTCHINSON, KS 67501PHH MORTGAGE<br>PO BOX 5452<br>Mount Laurel, NJ 08054 | SECURITY FINANCE<br>C/O SECURITY FINANCE<br>SPARTANBURG, SC 29304 |
| FIRST PREMIER BANK<br>3820 N LOUISE AVE<br>SIOUX FALLS, SD 57107 | POSSIBLE FINANCIAL INC<br>500 YALE AVE. N<br>SEATTLE, WA 98109 | TRELLIS COMPANY<br>PO BOX 83100<br>ROUND ROCK, TX 78683 |
| HUGHES, WATTERS & ASKANASE, LLP<br>Anthony A. Garcia<br>1201 Louisiana 28th Floor<br>Houston, TX 77002 | Raub Law Firm<br>814 Leopard<br>Corpus Christi, TX 78401 | TRELLIS COMPANY<br>1609 CENTRE CREEK DRIVE<br>AUSTIN, TX 78761 |
| | RMP SRVC LLC<br>200 N. NEW ROAD<br>WACO, TX 76702 | TXU ENERGY<br>200 W JOHN CARPENTER FWY<br>IRVING, TX 75039 |

_____
Clayton L. Everett

# EXHIBIT 1

Warren V. Norred
warren@norredlaw.com
C. Chad Lampe
chad@norredlaw.com



**NORREDLAW** PLLC
Intellectual Property · Litigation · Bankruptcy

Clayton L. Everett
clayton@norredlaw.com
www.norredlaw.com
817-704-3984

## ATTORNEY-CLIENT SERVICE AND FEE AGREEMENT: THIS DOCUMENT AND ITS CONTENTS CONSTITUTE LEGALLY PRIVILEGED INFORMATION

July 8, 2022

Veronica Saenz
Address: 525 Polnisch Drive
City/State/Zip: Corpus Christi, TX 78411
(361) 215-5038
vsaenz26@yahoo.com

Re: Adversary Against the Creditor for Second Lien Foreclosure of Homestead Property

Dear Ms. Saenz:

We are pleased that you have selected Norred Law, PLLC (the "Firm") to represent you. This letter will outline the basis upon which the Firm has agreed to provide legal representation to you in connection with the matter(s) described above.

The Firm will act on your behalf in accordance with customary professional standards at all times. However, you should understand that (1) any opinions we express on the outcome of your legal matters will be based on our best professional judgment but are not guarantees and will be limited by our knowledge of the facts and subject to changes in the law; (2) the Firm makes no representation concerning the successful outcome of any legal matters undertaken by the Firm; and (3) our provision of legal services to you is not a guarantee that your personal and/or business purpose will be accomplished.

**BILLING** - It is the Firm's policy to undertake representation only after we have received a deposit in the agreed amount as a retainer. The Firm will not commence work or file on your behalf until receipt of that retainer in the amount of **$5,000.00**, which will be applied toward attorney and paralegal fees, which is kept in six-minute increments. Current hourly rates range for attorneys from $350-$450 and $75-$200 for paralegals. These are reviewed from time to time and adjusted as and when appropriate. When adjustments are required, you will be notified and advised accordingly. **Also note, $1,000 of the above retainer is non-refundable.** The Firm will bill you on a regular basis, normally monthly, for both legal fees and other expenses. Supporting documents including invoices and time records are available for your inspection during normal business hours. You agree to make payment upon receipt of any invoice and retainer request. You agree that fees and other expenses may be deducted from any amounts collected by the Firm on your behalf. Payment of your account is not dependent on a successful outcome of the matters for which the Firm represents you. For ongoing matters (e.g. litigation), you agree to maintain the initial retainer amount as stated above and the retainer amount must be maintained for work to continue.

**EXPENSES** – You agree to pay expenses incurred by the Firm related to your case.

**VENUE** - This Agreement is performable in Arlington, Texas. All monies owed hereunder must be paid at the Firm's office in Arlington, Texas. Jurisdiction and venue of any dispute arising hereunder shall be solely in Tarrant County, Texas.

**DEPOSITS AND RETAINERS** - The Firm places all deposits, including retainers, in trust accounts. By court rule, the Firm must place your deposit in a State Bar of Texas Interest on Lawyers' Trust Account if not expected to earn a net return, taking into consideration the size and anticipated duration of the deposit and the transaction costs. Interest earned on the pooled account will be paid to the Texas Equal Access to Justice Foundation.

**ACCOUNT** - The Firm will give you prompt notice if your account becomes delinquent, and you agree to bring the account current. If the delinquency continues and you do not arrange satisfactory payment terms, the Firm will withdraw from representation and pursue collection of your account. You agree to pay the costs of collecting the account, including any court costs, filing fees, and any reasonable and necessary attorneys' fees.

**TERMINATION** - You may terminate the Firm's representation at any time, with or without cause, by notifying the Firm in writing. If this occurs, the Firm will return your papers and property to you promptly upon complete payment of your account. The Firm will retain its files on your case. Termination of our services will not affect your responsibility for payment of legal services rendered and cost already incurred or incurred in transferring the matter to another attorney. Open inactive files will be charged $100 per month.

**WITHDRAWAL** - Attorneys of the Firm are subject to the Texas Disciplinary Rules of Professional Conduct, which list several circumstances that allow or require attorneys to withdraw from representing a client. These include nonpayment of fees or costs, misrepresentation, or failure to disclose material facts, actions contrary to the attorney's advice, and conflict of interest with another client. The Firm tries to identify in advance and discuss with a client any situation that may lead to the Firm's withdrawal, and if withdrawal becomes necessary, the Firm will give the client immediate written notice. You agree that failure to pay invoices when due constitutes grounds for withdrawal.

**NOTICE AND WAIVER OF POTENTIAL CONFLICTS** – The Firm represents many clients, many of which may have overlapping interests in the same industry, but will not represent clients when an actual direct conflict exists or arises. This practice allows us to obtain more experience in specific industries. As a condition to our undertaking this engagement and representing you, you agree to give consent to our representation of both you and your competitors, except if such representation involves a direct conflict. For example, the Firm files trademark applications for restaurant services for many restaurants, which conceivably compete for the same clients, but would not file the same mark that the Firm has already filed for another client. In such cases, the Firm will inform you of the actual conflict and assist you to avoid expending funds on registration efforts that the Firm believes will be unlikely to be successful.

**STORED DOCUMENTATION** – Norred Law uses email and electronically stored information (ESI), both on-site and cloud-based to record client and matter information to provide better service to you. You agree to the Firm's use of ESI to store and transmit data within your case, and you acknowledge the benefits and inherent risks associated with email. *You are responsible for providing the firm with a secure email address and understand the Firm is not responsible for the security of your personal email address. We cannot serve you properly if you do not respond to our*

*email communications timely.* In accordance with our office policy, all electronic and physical documents are destroyed after a period of five years following the conclusion of your case. You are responsible for requesting your case files prior to destruction.

**TAX ACKNOWLEDGEMENT** – The client is advised to obtain independent and competent tax advice regarding legal matters since legal transactions can give rise to tax consequences. The client should have a certified public accountant or tax attorney determine if the legal work that is to be performed under this agreement has or may have tax implications or consequences to the client or any of the client's interests. The undersigned law office and attorney have not agreed to render any tax advice and are not responsible for any advice regarding tax matters or preparation of tax returns, or other filings, including, but not limited to, state and federal income tax returns.

**GRIEVANCES** – Pursuant to Texas Gov't Code § 81.079, Texas attorneys must provide notice to clients of the existence of the grievance process. The State Bar investigates and prosecutes professional misconduct. While not every complaint or dispute involves professional misconduct, the State Bar's Office of Chief Disciplinary Counsel at 1-800-932-1900 will provide you with information about how to file a complaint.

**PERFORMANCE** – The parties agree that client will not be liable to pay the Firm for extraordinary results, but neither will the Firm be responsible for negligent errors. The parties agree that this agreement does not include a guarantee of perfect performance and barring a deliberate mistake, the client may choose to terminate the relationship or continue with the Firm, but will not file a grievance or complaint based on negligence.

**PUBLICITY** – Client agrees to cooperate with Firm regarding media exposure regarding this matter, and the Firm may freely discuss the issue and any legal proceedings publicly.

**INACTIVE CASES** – Norred Law reserves the right to deduct $100 from your trust account per month when a case becomes inactive or when you are unresponsive to Firm communication.

**SPECIAL INSTRUCTIONS**: <u>Client agrees to pay $200 each month after filing of the adversary until the case is resolved.</u>

---

Please sign in the space provided below and return the signed Agreement so that we may begin working on your behalf. We appreciate your trust in our law office and look forward to working with you. If you have any questions, please call our office at (817) 704-3984.

Sincerely yours,

**NORRED LAW, PLLC**

By: _____

Warren V. Norred, Texas Bar No. 24045094
warren@norredlaw.com
C. Chad Lampe, Texas Bar No. 24045042
chad@norredlaw.com
Clayton L. Everett, Texas Bar No. 24065212
clayton@norredlaw.com
515 E. Border St., Arlington, Texas 76010
O. (817) 704-3984  F. (817) 524-6686

**SIGNED AND ACCEPTED** this __11__ day of __July__, 2022.

_____
Veronica Saenz

## NOTICES OF CLIENT'S DUTY OF COOPERATION, ATTORNEY'S RIGHT TO WITHDRAW, AND DISCLOSURE OF NO GUARANTEED RESULTS

*This document is made in conjunction with an attorney-client agreement. My signature indicates that I am seeking legal representation and have read and understood each item below.*

(1) I agree to disclose truthfully to Attorney all information related to my matter or case, including information which may not appear relative or which I might not otherwise wish to divulge.

(2) I agree to keep Attorney advised of my whereabouts, to cooperate in the preparation of my case, and to be present on reasonable notice for appearances. I agree to provide to Attorney a copy of my state-issued identification (Driver License).

(3) I agree to personally and timely deliver to Attorney—immediately upon receipt—1) all legal papers, whether during, prior to, or subsequent to any litigation, which are or were personally served upon me, whether such papers constitute correspondence, pleadings, motions, notices, orders, discovery; and 2) any other papers relating in any way to the subject matter for which I have requested Attorney to represent me.

(4) Attorney has the right to refuse any papers from me if I fail to timely deliver or have permitted the applicable time to respond to such papers to expire, and I agree that under such circumstances, Attorney is expressly and unconditionally relieved from any and all liabilities or responsibilities to respond, act on or otherwise address the matters in any such papers.

(5) Attorney can withdraw from representation if (1) following investigation or legal research, it reasonably appears to Attorney that continued pursuit of the matter would not result in a sustainable claim or collectable judgment; (2) investigation discloses information that precludes litigation or makes success unlikely, including no insurance coverage or no reasonable basis upon which to prove liability of the Defendant; or (3) I engage in conduct that renders it unreasonably difficult for Attorney to represent me effectively, including but not limited to failing to maintain adequate funds on deposit with Attorney, failing to follow Attorney's instructions, and failing to maintain confidentiality of my case.

(6) I agree that Attorney has the exclusive right to exercise Attorney's professional discretion and to utilize the tactics and strategies Attorney deems advisable, including but not limited to the manner and timing of investigating the claim, and when and where to file suit.

(7) I am seeking representation to redress wrongs against me, not to harass or vex.

(8) I understand that Attorney makes no guarantee as to the outcome of my matter or what amounts, if any, may be recovered or avoided.

(9) I understand that obtaining a judgment does not guarantee that the opposing party will be able or willing to satisfy the judgment. I intend to pursue post-judgment actions and understand that these are often required to satisfy any award obtained in court.

(10) I understand that Attorney makes no representations or guarantees regarding the tax consequences of any recovery obtained on my behalf. Although Attorney may suggest one or another tax professional, I assume the responsibility of obtaining tax advice.

| | |
|---|---|
| _____ | 7-11-2022 |
| Signature of Client | Date |

## TEXAS LAWYER'S CREED
## A MANDATE FOR PROFESSIONALISM

I am a lawyer. I am entrusted by the People of Texas to preserve and improve our legal system. I am licensed by the Supreme Court of Texas. I must, therefore, abide by the Texas Disciplinary Rules of Professional Conduct, but I know that professionalism requires more than merely avoiding the violation of laws and rules. I am committed to this creed for no other reason than it is right.

### I. OUR LEGAL SYSTEM

A lawyer owes to the administration of justice personal dignity, integrity, and independence. A lawyer should always adhere to the highest principles of professionalism.

1. I am passionately proud of my profession. Therefore, "My word is my bond."

2. I am responsible for assuring that all persons have access to competent representation regardless of wealth or position in life.

3. I commit myself to an adequate and effective pro bono program.

4. I am obligated to educate my clients, the public, and other lawyers regarding the spirit and letter of this Creed.

5. I will always be conscious of my duty to the judicial system.

### II. LAWYER TO CLIENT

A lawyer owes to a client allegiance, learning, skill, and industry. A lawyer shall employ all appropriate means to protect and advance the client's legitimate rights, claims, and objectives. A lawyer shall not be deterred by any real or imagined fear of judicial disfavor or public unpopularity, nor be influenced by mere self-interest.

1. I will advise my client of the contents of this creed when undertaking representation.

2. I will endeavor to achieve my client's lawful objectives in legal transactions and in litigation as quickly and economically as possible.

3. I will be loyal and committed to my client's lawful objectives, but I will not permit that loyalty and commitment to interfere with my duty to provide objective and independent advice.

4. I will advise my client that civility and courtesy are expected and are not a sign of weakness.

5. I will advise my client of proper and expected behavior.

6. I will treat adverse parties and witnesses with fairness and due consideration. A client has no right to demand that I abuse anyone or indulge in any offensive conduct.

7. I will advise my client that we will not pursue conduct, which is intended primarily to harass or drain the financial resources of the opposing party.

8. I will advise my client that we will not pursue tactics, which are intended primarily for delay.

9. I will advise my client that we will not pursue any course of action, which is without merit.

10. I will advise my client that I reserve the right to determine whether to grant accommodations to opposing counsel in all matters that do not adversely affect my client's lawful objectives. A client has no right to instruct me to refuse reasonable requests made by other counsel.

11. I will advise my client regarding the availability of mediation, arbitration, and other alternative methods of resolving and settling disputes.

### III. LAWYER TO LAWYER

A lawyer owes to opposing counsel, in the conduct of legal transactions and the pursuit of litigation, courtesy, candor, cooperation, and scrupulous observance of all agreements and mutual understandings. Ill feelings between clients shall not influence a lawyer's conduct, attitude, or demeanor toward opposing counsel. A lawyer shall not engage in unprofessional conduct in retaliation against other unprofessional conduct.

1. I will be courteous, civil, and prompt in oral and written communications.

2. I will not quarrel over matters of form or style, but I will concentrate on matters of substance.

3. I will identify for other counsel or parties all changes I have made in documents submitted for review.

4. I will attempt to prepare documents, which correctly reflect the agreement of the parties. I will not include provisions, which have not been agreed upon or omit provisions, which are necessary to reflect the agreement of the parties.

5. I will notify opposing counsel, and, if appropriate, the Court or other persons, as soon as practicable, when hearings, depositions, meetings, conferences or closings are cancelled.

6. I will agree to reasonable requests for extensions of time and for waiver of procedural formalities, provided legitimate objectives of my client will not be adversely affected.

7. I will not serve motions or pleadings in any manner that unfairly limits another party's opportunity to respond.

8. I will attempt to resolve by agreement my objections to matters contained in pleadings and discovery requests and responses.

9. I can disagree without being disagreeable. I recognize that effective representation does not require antagonistic or obnoxious behavior. I will neither encourage nor knowingly permit my client or anyone under my control to do anything, which would be unethical or improper if done by me.

10. I will not, without good cause, attribute bad motives or unethical conduct to opposing counsel nor bring the profession into disrepute by unfounded accusations of impropriety. I will avoid disparaging personal remarks or acrimony towards opposing counsel, parties and witnesses. I will not be influenced by any ill feeling between clients. I will abstain from any allusion to personal peculiarities or idiosyncrasies of opposing counsel.

11. I will not take advantage, by causing any default or dismissal to be rendered, when I know the identity of an opposing counsel, without first inquiring about that counsel's intention to proceed.

12. I will promptly submit orders to the Court. I will deliver copies to opposing counsel before or contemporaneously with submission to the Court. I will promptly approve the form of orders, which accurately reflect the substance of the rulings of the Court.

13. I will not attempt to gain an unfair advantage by sending the Court or its staff correspondence or copies of correspondence.

14. I will not arbitrarily schedule a deposition, court appearance, or hearing until a good faith effort has been made to schedule it by agreement.

15. I will readily stipulate to undisputed facts in order to avoid needless costs or inconvenience for any party.

16. I will refrain from excessive and abusive discovery.

17. I will comply with all reasonable discovery requests. I will not resist discovery requests, which are not objectionable. I will not make objections nor give instructions to a witness for the purpose of delaying or obstructing the discovery process. I will encourage witnesses to respond to all deposition questions, which are reasonably understandable. I will neither encourage nor permit my witness to quibble about words where their meaning is reasonably clear.

18. I will not seek Court intervention to obtain discovery, which is clearly improper and not discoverable.

19. I will not seek sanctions or disqualification unless it is necessary for protection of my client's lawful objectives or is fully justified by the circumstances.

### IV. LAWYER AND JUDGE

Lawyers and judges owe each other respect, diligence, candor, punctuality, and protection against unjust and improper criticism and attack. Lawyers and judges are equally responsible to protect the dignity and independence of the Court and the profession.

1. I will always recognize that the position of judge is the symbol of both the judicial system and administration of justice. I will refrain from conduct that degrades this symbol.

2. I will conduct myself in Court in a professional manner and demonstrate my respect for the Court and the law.

3. I will treat counsel, opposing parties, the Court, and members of the Court staff with courtesy and civility.

4. I will be punctual.

5. I will not engage in any conduct, which offends the dignity and decorum of proceedings.

6. I will not knowingly misrepresent, mischaracterize, misquote or miscite facts or authorities to gain an advantage.

7. I will respect the rulings of the Court.

8. I will give the issues in controversy deliberate, impartial and studied analysis and consideration.

9. I will be considerate of the time constraints and pressures imposed upon the Court, Court staff and counsel in efforts to administer justice and resolve disputes.

### ORDER OF THE SUPREME COURT OF TEXAS AND THE COURT OF CRIMINAL APPEALS

The conduct of a lawyer should be characterized at all times by honesty, candor, and fairness. In fulfilling his or her primary duty to a client, a lawyer must be ever mindful of the profession's broader duty to the legal system.

The Supreme Court of Texas and the Court of Criminal Appeals are committed to eliminating a practice in our State by a minority of lawyers of abusive tactics, which have surfaced in many parts of our country. We believe such tactics are a disservice to our citizens, harmful to clients, and demeaning to our profession.

The abusive tactics range from lack of civility to outright hostility and obstructionism. Such behavior does not serve justice but tends to delay and often deny justice. The lawyers who use abusive tactics instead of being part of the solution have become part of the problem.

The desire for respect and confidence by lawyers from the public should provide the members of our profession with the necessary incentive to attain the highest degree of ethical and professional conduct. These rules are primarily aspirational. Compliance with the rules depends primarily upon understanding and voluntary compliance, secondarily upon re-enforcement by peer pressure and public opinion, and finally when necessary by enforcement by the courts through their inherent powers and rules already in existence.

These standards are not a set of rules that lawyers can use and abuse to incite ancillary litigation or arguments over whether or not they have been observed.

We must always be mindful that the practice of law is a profession. As members of a learned art we pursue a common calling in the spirit of public service. We have a proud tradition. Throughout the history of our nation, the members of our citizenry have looked to the ranks of our profession for leadership and guidance. Let us now as a profession each rededicate ourselves to practice law so we can restore public confidence in our profession, faithfully serve our clients, and fulfill our responsibility to the legal system.

The Supreme Court of Texas and the Court of Criminal Appeals hereby promulgate and adopt
**"The Texas Lawyer's Creed - A Mandate for Professionalism"** as attached hereto and made a part hereof.

*In Chambers, this 7th day of November, 1989.*

| The Supreme Court of Texas | The Court of Criminal Appeals |
|---|---|
| Thomas. R. Phillips, Chief Justice | Michael J. McCormick, Presiding Judge |
| Franklin S. Spears | W. C. Davis |
| C. L. Ray | Sam Houston Clinton |
| Raul A. Gonzales | Marvin O. Teague |
| Oscar H. Mauzy | Chuck Miller |
| Eugene A. Cook | Charles F. (Chuck) Campbell |
| Jack Hightower | Bill White |
| Nathan L. Hecht | M. P. Duncan, III |
| Lloyd A. Doggett | David A. Berchelmann, Jr. |
| Justices | Judge |

## BASIC TEXAS TRIAL CALENDAR

(This calendar represents a possible series of events)

**Day -60**
L110 Fact Investigation/Development
L120 Analysis/Strategy
L121 Demand Letter
**Day 0**
L210 Pleadings (App/Petition/Answer)
L211 Service and pre-answer pleas
L220 Prelim Injunctions/Abatements
L250 Special Exceptions
L130 Identify Experts/Consultants
**Day 30**
L311 Request for Disclosure
L312 Request for Production
L313 Request for Admissions
L314 Interrogatories
**Day 60**
L320 Document Production
L350 Motion for Protection
L350 Motion to Compel
**Day 90**
L230 Court Mandated Mediation

**Month 6**
L241 Motion for Summary Judgment
**Month 7**
L330 Depositions
L340 Expert Discovery
**Month 9**
L242 No Evidence MSJ
**Month 11**
L430 Pre-trial conference
L430 Written Motions and Submissions
**Month 12**
L440 Trial Preparation
L450 Trial
**Month 13**
L460 Motion for New Trial, Pet Bill Review
L470 Enforcement
L471 Post-judgment discovery
L472 Turn-over Receivership
L510 Appellate Motions and Submissions
L520 Appellate Briefs
**Month 15**
L530 Oral Arguments

# EXHIBIT 2

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| VERONICA SAENZ, | § | Case No. 22-20164 |
| | § | (Chapter 13) |
| Debtor. | § | JUDGE MARVIN ISGUR |

## AFFIDAVIT OF PROPOSED COUNSEL
## PURSUANT TO 11 U.S.C. § 329(a) AND BANKRUPTCY RULES 2014, 2016(b)

Norred Law, PLLC (the "Firm"), proposed counsel for Veronica Saenz, (the "Movant"), states that to the best of its knowledge, the Firm represents no interest adverse to the estate in the matters upon which the Firm has been or is to be engaged; that the Firm's employment has been and would be in the best interest of the estate; and that the attorneys in this firm are disinterested persons as defined under 11 U.S.C. § 101(14).

Except as set forth herein and the Application, the Firm has not represented the Debtor prior to or during this bankruptcy case. The Firm does not believe that any conflict exists which precludes its unbiased representation of the Movant and the estate in this case in its proposed role as special counsel.

Except as set forth herein and to the best of its knowledge, the Firm has no other connections with the Debtor, its creditors, any other parties in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee and is a "disinterested person" within the definition of Section 101(14) of the Bankruptcy Code on the matters for which it is to be engaged as special counsel.

Legal representation undertaken by the Firm includes (a) assisting the Movant in analyzing and pursuing potential claims against ARCPE I, LLC related to a foreclosure that took place on June 7, 2022; (b) preparing and filing such pleadings as are necessary to pursue the estate's claims against third parties; (c) conducting appropriate examinations of witnesses, claimants and other parties in interest in connection with such litigation; (d) representing the Movant in any adversary proceedings and other proceedings before the Court and in any other judicial or administrative proceeding in which the claims described herein may be affected; (e) collecting any judgment that may be entered in the contemplated litigation; (f) handling any appeals that may result from the contemplated litigation; and (g) performing any other legal services that may be appropriate in connection with the prosecution of the litigation described above.

The Firm has agreed to the contingency fee arrangement as set forth in the application and **Exhibit 1** to the Application. The agreement is the product of free and arms-length discussions. To date, the Firm received prepetition funds in the amount of $5,000 from the Debtor in connection with the proposed representation in this case.

The Firm has not promised, either directly or indirectly to share any compensation with any other persons nor does the Firm have any agreement for payment of attorney's fees and expenses expect as stated herein.

Dated: July 14, 2022.

NORRED LAW, PLLC

By: _____
Clayton L. Everett
State Bar No. 24065212
515 E. Border Street
Arlington, TX 76010
(817) 704-3984
(817) 524-6686 (fax)
clayton@norredlaw.com

**Proposed Special Litigation Counsel**

THE STATE OF TEXAS § 
                                  §
COUNTY OF TARRANT  §

SWORN TO AND SUBSCRIBED BEFORE ME, a notary public in the State of Texas, County of Tarrant, on this the 15 day of July, 2022 by Clayton Everett, to certify which, witness my hand and seal of office.

_____
Notary Public in and for the State of Texas

ANGELA FLINT
Notary Public, State of Texas
Comm. Expires 08-16-2025
Notary ID 131247818

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **VERONICA SAENZ,** | § | Case No. 22-20164 |
| | § | (Chapter 13) |
| Debtor. | § | JUDGE MARVIN ISGUR |

## ORDER AUTHORIZING EMPLOYMENT OF ATTORNEYS

The Court, having considered the Application to Employ Norred Law, PLLC (the "Firm") as special litigation counsel pursuant to 11 U.S.C. § 328(a) filed by Veronica Saenz, (the "Movant"), is of the opinion that the requested relief is in the best interest of the estate and its creditors; that the Firm represents no interest adverse to the estate in the matters upon which they are to be engaged and are disinterested persons within the definition of 11 U.S.C. § 101(14); and that the application should be approved. Accordingly, it is therefore

**ORDERED THAT:**

1. The hourly fee agreement attached as **Exhibit 1** is approved pursuant to 11 U.S.C. § 328(a).

2. The Firm is employed as special litigation counsel to provide all necessary legal services to the Movant in this case as set forth on **Exhibit 1** and in the Application.

3. Clayton L. Everett is designated as attorney in charge for the representation by the Firm of the Movant in this case.

4. All applications for compensation shall be filed with the Court in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

SIGNED this _____ day of _____, 20___.

_____
**THE HONORABLE MARVIN ISGUR,**
**UNITED STATES BANKRUPTCY JUDGE**