EXHIBIT "A"

# NOTE

LANE
Loan Number [REDACTED]

APRIL 6, 2006         CORPUS CHRISTI,            TEXAS
                        [City]                   [State]

525 POENISCH DRIVE, CORPUS CHRISTI, TEXAS 78412
[Property Address]

TRUE AND CERTIFIED COPY

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $39,200.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is **Decision One Mortgage Company, LLC**. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of **9.99%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making payments every month.

I will make my monthly payments on the **1ST** day of each month beginning on **JUNE 1, 2006**. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on **MAY 1, 2021**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."

I will make my monthly payments at **6060 J.A. Jones Drive, Suite 1000, Charlotte, North Carolina 28287** or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. **$343.72**.

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of **FIFTEEN** calendar days after the date it is due, I will pay a late charge to the Note Holder if allowed by applicable law. The amount of the charge will be **5.0 %** of my overdue payment of principal and interest. I will pay this charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees paid to an attorney who is not an employee of Note Holder.

**(F) Charge for Dishonored Instrument**

I will pay the Note Holder a fee that does not exceed $25.00 for the return by a depository institution of a dishonored check, negotiable order of withdrawal or share draft offered in full or partial payment of my monthly payment, if allowed by applicable law.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**ORIGINAL**

MODIFIED FOR SECOND LIENS

TEXAS FIXED RATE NOTE-Single Family-FNMA/FHLMC MODIFIED INSTRUMENT    Form 3244  12/83  *(page 1 of 2 pages)*

**9. WAIVERS**

I and any other person who has obligations under this Note waive notice of intention to accelerate, except as provided in Section 6 (C) above, and the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**11. TEXAS FINANCE CODE (if applicable)**

If this transaction is subject to the provisions of Chapter 342 of the Texas Finance Code, Borrower shall not be required to perform any promise or covenant contained in this Note or the Security Instrument, or pay any sum of money hereunder or thereunder or in connection with the extension of credit evidenced hereby, unless such performance or payment is authorized by Chapter 342 or other applicable law; and the Note Holder shall not be entitled to take any action or collect any sum of money under the terms of this Note or the Security Instrument or in connection with the extension of credit evidenced hereby, unless such action or collection is authorized by Chapter 342 or other applicable law; and nothing in this Note or the Security Instrument shall be construed as a waiver by Borrower of any right accruing to Borrower under Chapter 342. If Note Holder collects any such sum of money not authorized by Chapter 342 or other applicable law, then: (i) if said sum exceeds permitted limits, said sum shall be reduced by the amount necessary to reduce the sum to the permitted limits and the excess shall be refunded to the Borrower; or (ii) if the whole of said sum is not authorized by Chapter 342 or other applicable law, it shall be refunded to the Borrower in full. The Note Holder may choose to make this refund by reducing the principal the Borrower owes under this Note or by making a direct payment to the Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment. This provision overrides all inconsistent provisions in this and all other instruments concerning the indebtedness created hereby. The Consumer Credit Commissioner enforces compliance with Chapter 342 of the Texas Finance Code. The address and phone numbers of the Consumer Credit Commissioner are as follows: 2601 North Lamar, Austin, Texas 78705-4207, toll free (800) 538-1579, or (512) 936-7600.

**NOTE DISCLOSURES**

THIS TRANSACTION IS SUBJECT TO THE PROVISIONS OF CHAPTER 3A OF THE TEXAS CREDIT TITLE. THE CONSUMER CREDIT COMMISSIONER ENFORCES COMPLIANCE AND HIS ADDRESS AND PHONE NUMBER ARE AS FOLLOWS: 2601 NORTH LAMAR, AUSTIN, TEXAS 78705-4207, (512) 936-7600.

THE AMOUNT FINANCED AS SHOWN IN THE FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT PROVIDED TO BORROWER BY NOTE HOLDER IS $ 38,913.93.

**PAYMENT SCHEDULE**

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE |
|---|---|---|
| 179 | 343.72 | MONTHLY BEGINNING 06-01-06 |
| 1 | 32,346.71 | MONTHLY BEGINNING 05-01-21 |

BORROWER HAS RECEIVED A COPY OF THIS NOTE AND ALL OTHER DOCUMENTS SIGNED BY BORROWER IN CONNECTION WITH THIS TRANSACTION.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____(Seal)  -Borrower
DOMINIQUE D. LANE

_____(Seal)  -Borrower
VERONICA SAENZ

_____(Seal)  -Borrower

_____(Seal)  -Borrower

Without Recourse
For valuable consideration
Decision One Mortgage Company, LLC
Assigns all rights, title and interest to

Decision One Mortgage Company, LLC

Alfred Mapp
Asst. Secretary

[Sign Original Only]