**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**

United States Bankruptcy Court
Southern District of Texas

**ENTERED**
September 14, 2022
Nathan Ochsner, Clerk

In Re: Veronica Saenz
Debtor

Case No.: 22–20164

Chapter: 13

## ORDER DISMISSING CASE WITH
## PREJUDICE TO REFILING ANOTHER CASE FOR 180 DAYS

1. On the chapter 13 trustee's motion, this case is dismissed with prejudice pursuant to 11 U.S.C. § 109(g). The Court's reasons for dismissal were stated on the record in open court.

2. The Debtor(s) shall not file another bankruptcy petition for 180 days following entry of this Order. Violation of this paragraph may be punished as a contempt of court.

3. The deadline for filing an application for an administrative expense in this case is set at 21 days following entry of this order. The deadline for filing a motion for allowance of a claim arising under § 507(b) in this case is also set at 21 days following entry of this order.

4. If an application for allowance of professional fees and expenses has previously been filed in this case, the applicant is not required to file a new application for allowance of administrative expenses under § 503 if the new application only seeks allowance of the same professional fees and expenses previously requested.

5. Any prior order directing an employer or other person to pay funds to the chapter 13 trustee is terminated. Any prior order authorizing an ACH or other means of electronic payment is terminated.

6. The Court finds good cause to direct the payment of funds held by the chapter 13 trustee at the time of entry of this Order as follows:

   (a)   First, the balance on hand in the Emergency Savings Fund will be paid to the Debtor(s);

   (b)   Second, to any unpaid chapter 13 trustee's statutory compensation;

   (c)   Third, the balance on hand in the Reserves for *ad valorem* taxes, to the holder of the claim secured by the senior security interest against the property for which the Reserves were established;

   (d)   Fourth, the balance in any other Reserve account to the Debtor;

   (e)   Fifth, to any unpaid payments mandated to be made by the Trustee under a prior Court order, including but not limited to any mandated adequate protection payments;

   (f)   Sixth, to pay any unpaid fees to Debtor(s)' attorneys and to reserve for any filed applications for which no order has yet been entered; and

   (g)   Seventh, to the Debtor(s).

Any party−in−interest objecting to the "for cause" distributions under this paragraph must file an objection within 14 days of entry of this Order. The chapter 13 trustee will defer making distributions under this paragraph until the next ordinary disbursement date following the later of (i) 22 days following entry of this Order; or (ii) entry of an order resolving any timely filed objection

Signed and Entered on Docket: 9/14/22

MARVIN ISGUR
United States Bankruptcy Judge